IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARKOS ESQUER; JOHN WITHERS and
DANIEL TRUJILLO,

        Plaintiffs,

vs.                                                                                                                 No. CIV 21-0657 JB/GBW

FNU RICHARDSON, in his official and
unofficial capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Human Rights Complaint Civil Rights Complaint U.S.C. Title § 1983, filed July 16, 2021 (Doc. 1)("Complaint"). The Court will dismiss all claims in the Complaint without prejudice under rule 41 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 41.

Plaintiffs Markos Esquer, John Withers, and Daniel Trujillo, acting pro se, filed the Complaint on July 16, 2021. When the Plaintiffs filed the Complaint, they were incarcerated at the Bernalillo County Metropolitan Detention Center ("BCMDC"). See Complaint ¶¶ 1-3, at 1. The Complaint states:

    Nature of Action

    6)     Article 5 UDHR 1948[1] -- No one shall be subjected to torture, or to cruel, inhuman, or degrading treatment or punishment.

---

[1] "UDHR 1948" appears to be a reference to the United Nations' Universal Declaration of Human Rights. Federal courts do not recognize a cause of action for state prisoners based on the United Nations' Universal Declaration of Human Rights. See Sosa v. Alvarez-Machain, 542 U.S. 692, 734-35 (2004); Serra v. Lappin, 600 F.3d 1191, 1196-97 n.5 (9th Cir. 2010).

    7)    BCMDC leadership mismanages coordination of staff resulting in gross cruel, inhuman, degrading treatment of inmates[.]

Cause of Action

    8)    Every weekend BCMDC locks down entire facility and runs on skeleton crew.

    9)    Upon information and belief, reason for lockdowns is due to entitled senior staff believe they are entitled to leisure joint activities to promote camaraderie by having barbeques and 'get togethers' called 'choir practice' where they engage in activities drinking beer smoking cigars and fantasy football, etc.

    10)    Upon information and belief, skeleton crews that are tasked with running the facility are composed of subordinate staff with less time.

See Complaint ¶¶ 6-10, at 1. The Plaintiffs allege that, for years, inmates have been submitting grievances, but grievance officers stop the grievances "dead in [their] tracks," without any proof produced to the inmates. Complaint ¶¶ 14-15, at 2. The Plaintiffs a jury trial, and relief in the form of an independent monitor maintaining proper order of BCMDC, proof of every lockdown notifying inmate population, and damages. See Complaint ¶¶ 16-20, at 2.

## ANALYSIS

On May 13, 2022, Esquer filed a document stating: "Complainant prays the court will dismiss this case." Motion to Dismiss, filed May 13, 2022 (Doc. 20). The Court construes the document as a request for voluntary dismissal under rule 41(a)(2) of the Federal Rules of Civil Procedure and will grant Esquer's request. The Court will dismiss without prejudice all of Esquer's claims.

When the Plaintiffs filed the Complaint, the Plaintiffs did not pay the filing fee or submit an application to proceed in forma pauperis. On July 19, 2021, the Honorable Gregory B. Wormuth, United States Magistrate Judge for the United States District Court for the District of

New Mexico, entered an Order to Cure Deficiency directing the Plaintiffs either to pay the $402.00 filing fee or submit an application to proceed in forma pauperis within thirty days.  See Order to Cure Deficiency, filed July 19, 2021 (Doc. 2)("Cure Order").  The Cure Order notifies the Plaintiffs that, if they fail to cure the deficiency, the Court could dismiss the Complaint without further notice.  See Cure Order at 2.  The Cure Order informs the Plaintiffs that, "[i]f Plaintiffs elect not to pay the filing fee and, instead, to proceed in forma pauperis, each Plaintiff must submit an Application to Proceed in District Court Without Prepaying Fees or Costs, signed under penalty of perjury by that Plaintiff."  Cure Order at 2.  On August 16, 2021, Esquer filed an Application to Proceed in District Court Without Prepaying Fees or Costs, filed August 16, 2021 (Doc. 4).  Withers and Trujillo have not paid the filing fee or submitted applications to proceed in forma pauperis.

Under 28 U.S.C. §§ 1914 and 1915, the Court must collect the filing fee or grant a prisoner leave to proceed in forma pauperis.  Section 1914 states: "The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal, or otherwise, to pay a filing fee."  28 U.S.C. § 1914(a).  Section 1915 provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action, or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a), and "[n]otwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee," 28 U.S.C. § 1915(b)(1).  Magistrate Judge Wormuth ordered the Plaintiffs to pay the filing fee or to each apply to proceed under § 1915(a), but Withers and Trujillo have not complied with the Cure Order.  See Cure Order at 1-2.  Pro se litigants are required to follow the federal statutes,

rules of procedure, and simple, nonburdensome local rules and to comply with Court orders. See Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980).  The Court may dismiss an action under rule 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders.  See Olsen v. Mapes, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003).  The Court, therefore, will dismiss Withers and Trujillo's claims pursuant to rule 41(b) for not complying with Magistrate Judge Wormuth's Order, for not complying with 28 U.S.C. §§ 1914 and 1915, and for not prosecuting this proceeding.

The record also reflects that mailings to Trujillo were returned as undeliverable and indicate that he has been released from custody.  See Mail Returned as Undeliverable "Not in Custody," filed November 10, 2021 (Doc. 11); Mail Returned as Undeliverable "Not in Custody," filed February 28, 2022 (Doc. 18); Mail Returned as Undeliverable "Not in Custody," filed March 10, 2022 (Doc. 19).  The Court's research indicates that BDMDC released Trujillo from custody around October, 2021.  It appears that Trujillo has been transferred or released from custody without advising the Court of his new address, as D.N.M. LR-Civ. 83.6 requires, thus severing contact with the Court.

Pro se litigants must follow the federal rules of procedure and simple, nonburdensome local rules.  See Bradenburg v. Beaman, 632 F.2d at 122.  The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6.  Trujillo has failed to comply with D.N.M. LR-Civ. 83.6.  Trujillo has not complied with the Cure Order and has not prosecuted this action by not keeping the Court apprised of his current address.  As previously noted, the Court may dismiss an action under rule 41(b) when a plaintiff does not prosecute the action, does not comply with the rules of civil procedure, or does not comply with court orders.  See Olsen v. Mapes, 333 F.3d at 1204, n.3.  The

Court will, therefore, dismiss Trujillo's claims without prejudice pursuant to rule 41(b) for not complying with the Court's orders and for not prosecuting this proceeding.

Also pending before the Court are: (i) Esquer's Motion to Enjoin Two (2) Inmates as Plaintiffs/Injunction to Stop Weekend Lockdowns, filed October 12, 2021 (Doc. 6)("Motion to Enjoin"); (ii) non-party Ledonta Jenkins' Motion for Leave to Proceed In Forma Pauperis, filed October 12, 2021 (Doc. 7); and (iii) non-party Jese Villagrama's Motion for Leave to Proceed In Forma Pauperis, filed October 12, 2021 (Doc. 8). In light of the Complaint's dismissal, the Court will deny the pending Motions.

In the Motion to Enjoin, Esquer seeks to "enjoin" two inmates as plaintiffs "in order to meet criteria required for a class action civil suit." See Motion to Enjoin at 1. "The right to proceed pro se in a civil action in federal court is guaranteed by 28 U.S.C. § 1654. [B]ecause pro se means to appear for one's self, [however,] a person may not appear on another person's behalf in the other's cause[;] rather, a person must be litigating an interest personal to him." Adams ex rel. D.J.W. v. Astrue, 659 F.3d 1297, 1299 (10th Cir. 2011). In Fymbo v. State Farm Fire and Casualty Co., 213 F.3d 1320 (10th Cir. 2000), the Tenth Circuit concludes that a litigant may bring his own claims to federal court without counsel, but not the claims of others because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" 213 F.3d at 1321 (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975)); see also 7A Wright & Miller, Federal Practice and Procedure: Civil § 1769.1 (citing cases for the rule that class representatives cannot appear pro se).

Esquer may not proceed in federal court on behalf of other inmates and may not maintain a class action acting pro se. The Court will, therefore, deny the Motion to Enjoin. The Court will also deny the Motion for Leave to Proceed In Forma Pauperis filed on behalf of non-party LeDonta

Jenkins, and the Motion for Leave to Proceed In Forma Pauperis filed on behalf of non-party Jese Villagrama as moot.

**IT IS ORDERED** that: (i) the Human Rights Complaint Civil Rights Complaint U.S.C. Title § 1983, filed July 16, 2021 (Doc. 1), is dismissed without prejudice; (ii) Plaintiff Markos Esquer's Motion to Enjoin Two (2) Inmates as Plaintiffs/Injunction to Stop Weekend Lockdowns, filed October 12, 2021 (Doc. 6), is denied; (iii) non-party Ledonta Jenkins' Motion for Leave to Proceed In Forma Pauperis, filed October 12, 2021 (Doc. 7), is denied; (iv) non-party Jese Villagrama's Motion for Leave to Proceed In Forma Pauperis, filed October 12, 2021 (Doc. 8), is denied; and (v) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Markos Esquer
Albuquerque, New Mexico

-- and --

John Withers
Albuquerque, New Mexico

-- and --

Daniel Trujillo
Albuquerque, New Mexico

    *Plaintiffs pro se*